STATE OF NORTH CAROLINA v. JAMES EDWARD CAMPBELL

No. 420A85

(Filed 5 March 1986)

**Parent and Child § 2.2— child's hands burned—defendant as sole care giver—intentionally inflicting injury on child—sufficiency of evidence**

In a prosecution of defendant for felonious child abuse the State produced ample evidence from which the jury could reasonably infer that defendant intentionally inflicted injury upon a child which proved to be serious, and the Court of Appeals erred in reversing defendant's conviction on the basis that the State had failed to produce sufficient evidence that defendant intentionally inflicted serious injury on the child, where the evidence tended to show that the uninjured two-year-old was left in defendant's sole custody; the child was unable to put her hands more than approximately two inches below the top of the tub in which defendant contended she accidentally received burns; the child suffered extensive first, second and third degree burns on her hands up

to the wrists; the burns had clear lines of demarcation separating the burned tissue from healthy skin; there was no evidence of splash burns on any part of the child's body; there was evidence that her hands would have had to be in the water ten to fifteen seconds to cause the extensive burns she suffered; and there were circular bruises under the child's neck and on her right arm which would support a reasonable inference that they resulted from defendant's grasping her so that he could hold her hands under the hot water in the bathtub.

APPEAL by the State pursuant to N.C.G.S. § 7A-30(2) from the decision of the Court of Appeals reported at 75 N.C. App. 266, 330 S.E. 2d 502 (1985) (*Parker, J.,* and *Becton, J.,* concurring, *Webb, J.,* dissenting), reversing the judgment entered by *Lane, J.,* at the 30 April 1984 term of BURKE County Superior Court. Judgment entered 3 May 1984.

Defendant was convicted of felonious child abuse, a violation of N.C.G.S. § 14-318.4. He received the presumptive sentence of two years. The Court of Appeals reversed defendant's conviction on the basis that the State had failed to produce sufficient evidence that defendant intentionally inflicted serious injury on the child victim. The Court of Appeals therefore vacated the judgment of conviction and ordered that a judgment of acquittal be entered.

The State produced evidence tending to show the following:

On 5 January 1983 Amanda Renee Harris, a child aged two years and four months, was seriously burned. Amanda lived with her mother, Mrs. Janice Benfield, and defendant. No one else lived in Mrs. Benfield's mobile home. Defendant was unemployed and Amanda was usually left in his care while Mrs. Benfield was at work. On the morning of 5 January 1985 Mrs. Benfield left home for work at about six o'clock, leaving Amanda in the care of defendant. Amanda was not injured at that time.

Mrs. Benfield testified for the State as to what defendant told her about the incident. After she had left to go to work defendant began to run hot water into the bathtub to wash out a mop. Amanda was playing in the bedroom adjoining the bathroom. While the hot water was running, defendant went into the kitchen area to get a mop and heard Amanda scream. Defendant returned to the bathroom and saw Amanda come up from the

bathtub and fall on her bottom. He then took her to the kitchen where he immersed her hands in ice filled water.

After holding Amanda's hands under the water for a few mintues defendant took her to a neighbor's house where the same thing was done. Defendant then took Amanda to the emergency room at Grace Hospital where she was treated and released. After Amanda was released defendant went to Mrs. Benfield's place of employment and told her of the child's injuries. Mrs. Benfield left her job early to return home and care for Amanda. The next day, defendant took Amanda to a doctor for additional treatment.

On 6 January 1983 Ms. Lesley Edwards, an employee of the Burke County Department of Social Services, visited the home of Mrs. Benfield to investigate the nature of Amanda's injuries. After defendant related his version of what had occurred on the previous day, Ms. Edwards measured Amanda. She was thirty-two inches tall. Ms. Edwards then had defendant assist her in measuring Amanda against the height of the bathtub. Amanda began to cry hysterically and continued crying while the measurement was made. The top of the tub came between Amanda's neck and breastline. When Amanda reached her hands over the tub, they came about two inches below the top. Ms. Edwards testified that the tub would have to be one-half to three-quarters full for Amanda's hands to reach the water. Mrs. Benfield testified that the edge of the tub was seventeen inches above the floor. Ms. Edwards also noticed that Amanda had bruises on the left side of her head as well as circular bruises under her neck and on her right arm.

Amanda suffered first, second, and third degree burns over both hands to just above the wrist. Dr. Keith Forgy testified that the burns were marked by clear lines of demarcation between injured and normal tissue. Such lines of demarcation are characteristic of burns caused by immersion in a hot liquid, and Dr. Forgy testified that Amanda's burns had the characteristics of immersion burns. In Dr. Forgy's opinion, if it is assumed that the liquid Amanda's hands were in was not boiling hot, it would take approximately ten to fifteen seconds of immersion to cause burns of the type suffered by her. On cross-examination Dr. Forgy testified that without knowing the temperature of the liquid, he could

only guess at the length of time needed to produce burns such as those suffered by Amanda.

Amanda had to be hospitalized so that surgery could be performed on her hands. She has suffered some permanent scarring.

Defendant presented no evidence.

*Lacy H. Thornburg, Attorney General, by Victor H. E. Morgan, Jr., Associate Attorney, for the State.*

*Joe K. Byrd, Jr., Attorney for defendant-appellee.*

BRANCH, Chief Justice.

N.C.G.S. § 14-318.4 as written at the time of the offense in pertinent part provided that:

> (a) Any parent of a child less than 16 years of age, or any other person providing care to or supervision of the child who intentionally inflicts any serious physical injury which results in:

> (1) Permanent disfigurement, or

> (2) Bone fracture, or

> (3) Substantial impairment of physical health, or

> (4) Substantial impairment of the function of any organ, limb, or appendage of such child,

> is guilty of a Class I felony.

The transcript of the trial and the Court of Appeals' opinion make it clear that the State produced plenary evidence that Amanda is less than sixteen years of age, that defendant was providing care and supervision of her at the time she suffered her injuries, that she suffered permanent disfigurement, substantial impairment of physical health, and substantial impairment of the function of her hands. The only question is whether the State produced sufficient evidence that defendant intentionally inflicted any serious injury on Amanda.

In deciding that the State had produced insufficient evidence to take the case to the jury the Court of Appeals stated that the State must prove that defendant intended to cause Amanda serious injury. This is a misinterpretation of the statute.

We believe that the Court of Appeals correctly interpreted N.C.G.S. § 14-318.4(a) in the case of *State v. Riggsbee*, 72 N.C. App. 167, 323 S.E. 2d 502 (1984). In *Riggsbee* the defendant was charged with violating N.C.G.S. § 14-318.4(a)(2) by breaking the left arm of Andrew Huang. Judge Johnson, writing for the court, set out the essential elements of the crime as follows:

(1) That defendant was providing care of Andrew Huang.

(2) That Andrew Huang was less than 16 years of age.

(3) That defendant intentionally twisted Andrew's arm.

(4) That the twisting of Andrew's arm by defendant proximately caused a serious injury to Andrew.

(5) That the injury resulted in the fracture of a bone in Andrew's arm.

*State v. Riggsbee*, 72 N.C. App. 167, 170, 323 S.E. 2d 502, 504.

*Riggsbee* makes clear that the element in question is sufficiently established if a defendant intentionally inflicts injury that proves to be serious on a child of less than sixteen years of age in his care. He need not specifically intend that the injury be serious.

The remaining issue in this appeal is whether the State produced sufficient evidence that defendant intentionally inflicted injury on Amanda that proved to be serious. We agree with Judge Webb that the State did produce sufficient evidence on this point to withstand defendant's motion to dismiss.

"[U]pon a motion to dismiss in a criminal action, all the evidence admitted, whether competent or incompetent, must be considered by the trial judge in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom." *State v. Brown*, 310 N.C. 563, 566, 313 S.E. 2d 585, 587 (1984). Contradictions and discrepancies in the evidence are to be resolved by the jury. *Id.* This rule extends to contradictions and discrepancies within the testimony of a witness. *State v. Burell*, 252 N.C. 115, 117, 113 S.E. 2d 16, 18 (1960). *See State v. Bryant*, 250 N.C. 113, 108 S.E. 2d 128 (1959) (discrepancies and contradictions in the testimony of a witness go to the credibility of the witness); *State v. Wood*, 235 N.C. 636, 70

S.E. 2d 665 (1952) (whether a witness's credibility has been impeached by evidence of prior inconsistent statements made out of court is a matter for the jury). In passing upon the motion the trial judge must determine whether there is substantial evidence of each element of the offense charged. *State v. Brown*, 310 N.C. 563, 566, 313 S.E. 2d 585, 587. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The evidence, when viewed in the light most favorable to the State, was sufficient to establish each element of the offense and to allow a rational trier of fact to conclude that defendant was guilty.

When Mrs. Benfield left Amanda in defendant's custody the child was uninjured. Defendant had sole custody and control of Amanda at the time of the accident. Amanda was unable to put her hands more than approximately two inches below the top of the tub. She suffered extensive first, second, and third degree burns on her hands up to the wrist. The burns had clear lines of demarcation separating the burned tissue from healthy skin. There was no evidence of splash burns on any part of Amanda's body, and there was evidence that her hands would have had to be in the water ten to fifteen seconds to cause the extensive burns she suffered. There were also circular bruises under Amanda's neck and on her right arm which would support a reasonable inference that they resulted from defendant grasping her so that he could hold her hands under the hot water in the bathtub.

This evidence, if believed, is sufficient to allow a rational trier of fact to conclude that Amanda's injuries were not accidental and that they were intentionally inflicted on her by defendant. Aside from the evidence that Amanda would have had great difficulty in reaching the water in the tub, it is nearly inconceivable that a two-year-old child such as Amanda could accidentally or intentionally hold her hands under hot water for ten to fifteen seconds without struggling and thereby causing splash burns and an uneven line of demarcation. Rather, the evidence tended to show that some other person had to put her hands in the water and hold them relatively motionless for a sufficient period of time to cause the burns that she suffered. Since defendant was the only person with Amanda at the time, it was reasonable for the

jury to conclude that he had intentionally injured Amanda by holding her hands under the water.

Our holding is bolstered by the similar case of *State v. Riggsbee*, 72 N.C. App. 167, 323 S.E. 2d 502. In that case the Court of Appeals held that evidence that the child victim's arm had been twisted and fractured in a nonaccidental manner and that the victim was in the defendant's sole care raised an inference that the defendant intentionally twisted the victim's arm, thereby causing the fracture. *Id.* at 171, 323 S.E. 2d at 505. We agree with the Court of Appeals' decision in *Riggsbee* and hold that its rationale is applicable to this case.

After examining the cases relied on by the Court of Appeals we find that they are distinguishable from the instant case.

*State v. Byrd*, 309 N.C. 132, 305 S.E. 2d 724 (1983), concerned an attempt by the State to use evidence that the victim's sister, YaVonka, had previously suffered injuries similar to those of the victim and was a victim of battered child syndrome as evidence that the victim's injuries were inflicted by other than accidental means. Though we noted that the evidence that YaVonka was a victim of battered child syndrome raised an inference that her injuries were not accidentally inflicted, we held that a further inference that the *victim's* injuries were not accidental could not be relied on because it was an inference based on an inference. *Id.* at 138-39, 305 S.E. 2d at 729.

In the instant case battered child syndrome is not at issue and each inference indicating defendant's guilt is independently supported by the evidence. The nature and extent of Amanda's burns raises an inference that someone other than Amanda intentionally held her hands under hot water for a period of ten to fifteen seconds. The fact that defendant alone was with Amanda at the time she was injured raises an inference that he held her hands under the water. Neither inference is based on the other and *Byrd* does not apply.

We also find the case of *State v. Reber*, 71 N.C. App. 256, 321 S.E. 2d 484 (1984), *disc. rev. denied*, 313 N.C. 335, 327 S.E. 2d 897 (1985), to be distinguishable from this case. In *Reber* the victim was alone with the defendant for only a short period of time, and the evidence did not disclose how or when the injury occurred. *Id.*

at 260, 321 S.E. 2d at 486. Therefore, the Court of Appeals' decision in that case that the verdict of guilty was based on speculation and conjecture is inapplicable to this case.

We hold that the State produced ample evidence from which the jury could reasonably infer that defendant intentionally inflicted injury on Amanda, which proved to be serious, resulting in permanent disfigurement, substantial impairment of the function of her hands, and substantial impairment of her physical health in violation of N.C.G.S. § 14-318.4. The decision of the Court of Appeals that defendant's conviction be reversed and that judgment of acquittal be entered is reversed.

Reversed.