STATE OF NORTH CAROLINA v. MARK MASTERSON RODDEY, Defendant

No. 9226SC513

(Filed 6 July 1993)

**1. Robbery § 4.3 (NCI3d) — armed robbery — sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in an armed robbery prosecution, though there was no physical evidence of the armed robbery and the victim may have contradicted himself, where the evidence tended to show that the victim was chased by two black men, and he hid in some bushes to escape; the man with the gun ran past his hiding place, but the second man stopped and pulled him from the bushes; the man with the gun then returned and demanded all of the victim's money while defendant searched the victim's pockets; at trial the victim positively identified defendant and his companion as the individuals who had robbed him; the victim also stated that he observed defendant and his companion after they robbed him until they were stopped by the police and gave an adequate description of defendant to police; and the victim immediately identified defendant to the arresting officers as the one who had robbed him.

**Am Jur 2d, Robbery §§ 62, 63.**

STATE v. RODDEY

[110 N.C. App. 810 (1993)]

2. **Criminal Law § 327 (NCI4th) — different offenses against two defendants—joinder proper**

The trial court did not err in permitting joinder of the trials against defendant and his companion, though defendant was not charged with one of the crimes his companion was charged with, since the offenses of the two defendants were closely related in time and place, and were all part of a single act or transaction. N.C.G.S. § 15A-926(b).

**Am Jur 2d, Actions § 159.5.**

3. **Evidence and Witnesses § 400 (NCI4th) — victim's ability to identify black people—inquiry not allowed—no error**

The trial court did not err in refusing to allow defendant, a black man, to inquire into the ability of an armed robbery victim who was white to identify black people, since it is always proper to inquire into a victim's ability to identify his attacker, but to inquire into a victim's familiarity with members of another race and his ability to identify members of another race has no tendency to prove a fact in issue and does nothing more than inject racial issues into the trial process.

**Am Jur 2d, Evidence § 367.**

Appeal by defendant from judgment and commitment entered 18 September 1991 by Judge James U. Downs in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 April 1993.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Edwin B. Hatch and Associate Attorney General Lisa Bland Mould, for the State.*

*Raymond A. Warren, P.A., by Raymond A. Warren, for defendant.*

LEWIS, Judge.

Defendant was indicted and convicted of robbery with a dangerous weapon. The evidence presented at trial tended to show that during the early morning hours of 8 April 1991, the Charlotte Police Department received a call that two black males were chasing a white male in the area of Beatties Ford Road. When they arrived on the scene, officers observed defendant and another individual walking along the side of the road, at which time the officers

stopped to investigate the report. While questioning defendant and his companion, the officers observed what appeared to be a weapon on defendant's companion and began a routine pat down search. During the search a gun concealed on defendant's companion discharged and injured one of the officers. The officers then arrested defendant's companion for carrying a concealed weapon but they did not charge defendant. While the officers continued to question the two men, Garth Hall stumbled out of the bushes in an inebriated state claiming that defendant and his companion had robbed him earlier that evening. Initially the officers did not believe Mr. Hall, but after further questioning they deemed him credible and took defendant and his companion into custody for robbery with a dangerous weapon.

At trial, Mr. Hall was the only eyewitness who testified against defendant, and for this reason defendant in his first assignment of error has challenged the sufficiency of the evidence against him. At the appropriate stages during the trial, defendant made motions to dismiss, for a directed verdict and for entry of a judgment of not guilty. All were denied and defendant contends that the denial of these motions was improper because the evidence was "inadequate, contradictory, not credible and insufficient as a matter of law." Although we agree that several inconsistencies exist in the State's case, we do not believe that the trial court committed error in denying defendant's motions regarding the sufficiency of the evidence.

"In testing the sufficiency of the evidence to sustain a conviction, a motion for dismissal pursuant to G.S. 15A-1227 is identical to a motion as in the case of nonsuit under G.S. 15-173." *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). Thus, since all of defendant's motions have challenged the sufficiency of the evidence, the same standard will be applied in determining the appropriateness of the trial court's rulings. In ruling on a motion to dismiss based on the insufficiency of the evidence,, the trial court must determine whether there is substantial evidence of each element of the crime charged and that defendant was the perpetrator. *State v. Bates*, 309 N.C. 528, 533, 308 S.E.2d 258, 262 (1983). Substantial evidence has been defined as the amount of relevant evidence a reasonable mind might accept as adequate to support a conclusion. *State v. Cox*, 303 N.C. 75, 87, 277 S.E.2d 376, 384 (1981). In determining whether substantial evidence exists

the trial court must view the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from it . . . . If there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied.

*State v. Small*, 328 N.C. 175, 180, 400 S.E.2d 413, 415-16 (1991). In addition, the defendant's evidence is not to be considered unless it is favorable to the State. *Id.* at 180, 400 S.E.2d at 416.

Defendant was indicted pursuant to N.C.G.S. 14-87 for robbery with a dangerous weapon. With the above-stated standard in mind, we have undertaken an examination of the elements of robbery with a dangerous weapon to determine whether substantial evidence existed. The offense described in N.C.G.S. § 14-87(a) as robbery with a dangerous weapon is more commonly known as armed robbery. *See State v. Thomas*, 85 N.C. App. 319, 354 S.E.2d 891 (1987). In fact, it is the presence of a firearm or a dangerous weapon which distinguishes armed robbery from common law robbery. *State v. Smallwood*, 78 N.C. App. 365, 337 S.E.2d 143 (1985). The elements of armed robbery include: (1) an unlawful taking or an attempt to take personal property from the person or in the presence of another, (2) by use or threatened use of a firearm or other dangerous weapon and (3) whereby the life of a person is endangered or threatened. *Small*, 328 N.C. at 181, 400 S.E.2d at 416.

[1] The essence of defendant's argument is that since there was no physical evidence of the armed robbery and since Mr. Hall repeatedly contradicted himself, it was impossible for substantial evidence to have existed. We do not agree and hold that substantial evidence did exist in the record to support the trial court's submission of the case to the jury. The fact that no physical evidence was found does not automatically preclude the existence of substantial evidence, it only means that the credibility of Mr. Hall was at a premium in establishing the existence of substantial evidence.

Mr. Hall testified that on the night in question he was chased by two black men and that he hid in some bushes to escape. Mr. Hall further testified that the one with the gun ran past his hiding place, but that the second man stopped and pulled him from the bushes. The man with the gun then returned and demanded all of Mr. Hall's money while defendant searched Mr. Hall's pockets.

At trial Mr. Hall positively identified the defendant and his companion as the individuals who had robbed him. Mr. Hall also stated that he observed defendant and his companion after they robbed him until they were stopped by the police and gave an adequate description of defendant to the police. Most important, however, was the fact that Mr. Hall immediately identified defendant to the arresting officers as the one who had robbed him.

Mr. Hall's testimony was clearly adequate to present substantial evidence that defendant was the perpetrator of the crime charged. Although the amount is disputed, Mr. Hall's testimony also provides substantial evidence that defendant took money from Mr. Hall. The use of a firearm does not appear to be in dispute as the police found a rifle in the possession of defendant's companion and Mr. Hall testified that one of his pursuers had a gun and aimed it at him during the robbery. The fact that the gun was found in the possession of defendant's companion does not alter our holding because all persons who aid or abet and are present at the scene of the crime are equally guilty. *State v. Dowd*, 28 N.C. App. 32, 220 S.E.2d 393 (1975). Thus the only remaining element is whether Mr. Hall's life was endangered or threatened. Given that this element is typically presumed where a firearm is used, *State v. Wiggins*, 78 N.C. App. 405, 337 S.E.2d 198 (1985), and no evidence was presented to the contrary, we find that substantial evidence existed as to this element as well.

By his argument, defendant asks that we disregard the time-honored tradition of the jury to serve as the trier of fact and to determine the credibility of the witnesses. We place more faith in the ability of our jury system than defendant does. Admittedly there were inconsistencies in Mr. Hall's testimony, but these are matters for the jury to consider. We hold that substantial evidence existed as to each element of the crime charged and that the trial court did not commit error in denying defendant's motions.

[2] In his second assignment of error, defendant addresses the propriety of the trial court's decision to permit joinder of the trials against defendant and his companion. Joinder of offenses and defendants is governed by N.C.G.S. § 15A-926 which provides in pertinent part:

Upon written motion of the prosecutor, charges against two or more defendants may be joined for trial:

a. When each of the defendants is charged with account-ability for each offense; or

b. When, even if all of the defendants are not charged with accountability for each offense, the several offenses charged:

1. Were part of a common scheme or plan; or

2. Were part of the same act or transaction; or

3. Were so closely connected in time, place, and occasion that it would be difficult to separate proof of one charge from proof of the others.

N.C.G.S. § 15A-926(b)(2) (1988). Defendant was not charged with the firearm violation, so the decision to try defendant and his companion together was necessarily made under part (b) of the statute. The decision of whether to allow a motion to join two or more defendants for trial is directed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing that defendant has been deprived of a fair trial. *State v. Short*, 322 N.C. 783, 370 S.E.2d 351 (1988). Having reviewed the record before us, we find that there was no abuse of discretion in joining the two defendants for trial as the offenses of the two defendants were closely related in time and place, and were all part of a single act or transaction. Accordingly defendant's second assignment of error is overruled.

[3] In his third assignment of error, defendant claims that the trial court erred in not allowing him to inquire into Mr. Hall's ability to identify black people. As mentioned previously Mr. Hall had difficulty in identifying defendant at various stages of the trial process. As a result, defendant's counsel attempted to inquire into Mr. Hall's ability to identify black people and his familiarity with black people in general. In support of this line of questioning defendant claims that Mr. Hall had worked at a country club and lived in a predominately white section of town. Defendant asserts that this information was relevant to his defense because "it is obvious and a matter of common knowledge (and therefore worthy of judicial notice) that African Americans ("black" people) look different than persons of European descent ("white" people)." The prosecutor objected to this inquiry and the trial court sustained the objection. We find no error in the trial court's ruling.

STATE v. RODDEY

[110 N.C. App. 810 (1993)]

Evidence is relevant if it has any tendency to make a fact of consequence more probable than it would be without the evidence. N.C.G.S. § 8C-1, Rule 401 (1992). Defendant's argument about Mr. Hall's ability to identify black people is based on nothing more than racial stereotypes which have no place in our legal process. It is always proper to inquire into a victim's ability to identify his attacker, but it is another matter entirely to inquire into a victim's familiarity with members of another race and his ability to identify members of another race. Such an inquiry has no tendency to prove a fact in issue and does nothing more than inject racial issues into the trial process. Although a trial court's rulings on relevancy issues are not discretionary they are still afforded great deference on appeal. *State v. Wallace*, 104 N.C. App. 498, 410 S.E.2d 226 (1991), *appeal dismissed and disc. rev. denied*, 331 N.C. 290, 416 S.E.2d 398, and *cert. denied, Wallace v. North Carolina*, 113 S. Ct. 321, 121 L. Ed. 2d 241 (1992). We defer to the trial court's ruling and find no error on this issue.

Defendant's remaining assignment of error contends that even if we don't find the individual assignments of error meritorious, then their totality was sufficiently prejudicial to defendant to warrant a new trial. We disagree. Having found defendant's individual assignments of error to be without merit and since defendant has failed to offer any authority in support of his cumulative error approach, we will not address this issue further. We hold that defendant received a fair trial free from prejudicial error.

No Error.

Chief Judge ARNOLD and Judge COZORT concur.