STATE OF NORTH CAROLINA v. TAMANCHI LAKEWONDO KRIDER

No. COA99-313-2

(Filed 21 August 2001)

**Homicide— first-degree murder—felony murder rule—felonious child abuse**

The trial court did not err by convicting defendant for the first-degree murder of her two-year-old child based on the felony murder rule using the underlying felony of felonious child abuse with the use of a deadly weapon, because there was substantial evidence that defendant, using her hands as a deadly weapon, intentionally shook and threw her child resulting in his serious physical injury which shows defendant purposely resolved to commit the underlying felony that formed the basis of the first-degree murder charge.

Appeal by defendant from judgment entered 20 May 1998 by Judge Howard E. Manning, Jr. in Rowan County Superior Court. Originally heard in the Court of Appeals on 27 January 2000 in an opinion filed 16 May 2000. Remanded to the Court of Appeals for reconsideration by order of the North Carolina Supreme Court on 1 February 2001. Reheard without oral argument, but with additional briefing.

*Attorney General Michael F. Easley, by Assistant Attorney General Anne M. Middleton, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

HUNTER, Judge.

The Supreme Court ordered that we reconsider our decision in *State v. Krider*, 138 N.C. App. 37, 530 S.E.2d 569 (2000), *remanded*, 353 N.C. 391, 547 S.E.2d 32 (2001), in light of its holding in *State v. Jones*, 353 N.C. 159, 538 S.E.2d 917 (2000). After a careful reconsideration of the issues, we affirm Tamanchi Lakewondo Krider's ("defendant") conviction for first-degree murder based on the felony murder rule.

A full review of the facts and procedural history of this case can be found in our previous opinion, *Krider*, 138 N.C. App. 37, 530 S.E.2d 569. The facts relevant to our present review are: defendant admitted that she abused her two-year old son, DeMallon Krider ("DeMallon"), in the past—throwing him around and biting him. Additionally, defendant admitted that on 15 June 1997, she shook DeMallon and threw him down, using her hands, which caused his death. Thereafter, defendant was convicted of first-degree murder as a result of her causing DeMallon's death while committing felonious child abuse with the use of her hands as a deadly weapon. Originally, this Court, in a unanimous decision, upheld defendant's conviction. *See id.*

The sole issue for determination on remand is whether defendant was properly convicted of first-degree murder under the felony murder rule in light of *Jones*, 353 N.C. 159, 538 S.E.2d 917. In *Jones*, *supra*, our Supreme Court reversed Thomas Jones' ("Jones") conviction for first-degree murder under the felony murder rule, because Jones did not actually intend to commit the underlying felony (assault with a deadly weapon inflicting serious injury). Specifically, the Court found Jones' conviction to be based on his implied intent to commit the underlying felony based on his culpable or criminal negligence. *Id.* Accordingly, our Supreme Court held that "(1) culpable negligence may not be used to satisfy the intent requirements for a first-degree murder charge; and, (2) a defendant may not be subject to a potential death sentence absent a showing of actual intent to commit one or more of the underlying felonies delineated or described in our state's murder statute, N.C.G.S. § 14-17." *Id.* at 163, 538 S.E.2d at 922.

In the present case, the underlying felony for felony murder purposes was felonious child abuse committed with use of a deadly weapon, defendant's hands.

In order to sustain a conviction for felonious child abuse, the State must prove that "the accused is 'a parent or any other person providing care to or supervision of a child less than 16 years of age' and that the accused intentionally inflicted a serious physical injury upon the child or intentionally committed an assault resulting in a serious physical injury to the child."

*State v. Pierce*, 346 N.C. 471, 492-93, 488 S.E.2d 576, 588 (1997) (quoting *State v. Elliott*, 344 N.C. 242, 278, 475 S.E.2d 202, 218-19 (1996)) (quoting N.C. Gen. Stat. § 14-318.4(a) (1993)). There is no question that defendant was the parent of DeMallon; she was providing care for him; DeMallon was less than sixteen years of age; defendant abused DeMallon in the past; defendant shook him and threw him down on this occasion; and as a result, DeMallon was seriously injured.

In felonious child abuse cases, the State is not required to prove that the defendant " 'specifically intend[ed] that the injury be serious.' " *Pierce*, 346 N.C. at 494, 488 S.E.2d at 589 (quoting *State v. Campbell*, 316 N.C. 168, 172, 340 S.E.2d 474, 476 (1986)). Moreover, felonious child abuse "does not require the State to prove any specific intent on the part of the accused." *Id.* To show intent in a child abuse case, past incidents of mistreatment are admissible. *State v. West*, 103 N.C. App. 1, 9, 404 S.E.2d 191, 197 (1991).

However, "[f]elony murder on the basis of felonious child abuse requires the State to prove that the killing took place while the accused was perpetrating or attempting to perpetrate felonious child abuse with the use of a deadly weapon." *Pierce*, 346 N.C. at 493, 488 S.E.2d at 589. "When a strong or mature person makes an attack by hands alone upon a small child, the jury may infer that the hands were used as deadly weapons." *Id.* To be convicted for first-degree murder under the felony murder rule, an "accused must be purposely resolved to commit the underlying crime in order to be held accountable for unlawful killings that occur during the crime's commission." *Jones*, 353 N.C. at 167, 538 S.E.2d at 924. In other words, "the actual intent to kill may be present or absent; however, the actual intent to commit the underlying felony is required." *Id.*

Here, defendant confessed:

". . . I woke up around 12:00 P.M. and DeMallon was laying on the bed like something was wrong. I asked DeMallon what was wrong with him, and he did not answer me. I became upset and

angry at DeMallon and grabbed him up and shaking him and yelling, asking DeMallon what was wrong. . . ." "DeMallon would not answer me, and I threw him, I thought, on the bed, but DeMallon hit the floor instead of the bed. After DeMallon hit the floor, I knew I had done something wrong. . . ." ". . . I had gotten angry at DeMallon before and threw DeMallon around. I have also gotten angry at DeMallon and would bite DeMallon on his cheeks and body . . . I would get so angry that DeMallon was scared of me. . . ."

*Krider*, 138 N.C. App. at 43-44, 530 S.E.2d at 573. Later, defendant admitted that after shaking DeMallon on 15 June 1997, she threw him directly to the floor, where he hit his head on the bed frame and subsequently died. Thus, there was substantial evidence in the instant case that defendant, using her hands as a deadly weapon, intentionally shook and threw DeMallon resulting in his serious physical injury. In light of the substantial evidence showing defendant was purposely resolved to commit the underlying felony (felonious child abuse) that formed the basis of the first-degree murder charge, we uphold defendant's conviction.

Our determination is consistent with the North Carolina Supreme Court's decision in *Jones*, 353 N.C. 159, 538 S.E.2d 917. Furthermore, we find this case analogous to our Supreme Court's decision in *Pierce*, 346 N.C. 471, 488 S.E.2d 576—cited in *Jones*, 353 N.C. at 168, 538 S.E.2d at 925—whereby the Court acknowledged that felonious child abuse committed with the use of a deadly weapon may serve as the underlying felony for felony murder purposes.

Thus, as the State proved beyond a reasonable doubt that defendant actually intended to commit the underlying offense (felonious child abuse) with the use of her hands as a deadly weapon, we affirm defendant's conviction for first-degree murder based on the felony murder rule.

Affirmed.

Judges GREENE and McGEE concur.