STATE OF NORTH CAROLINA v. NATHANIEL WILLIAMS

No. COA01-1452

(Filed 19 November 2002)

**1. Child Abuse and Neglect— felonious child abuse—motion to dismiss—sufficiency of evidence—serious physical injury**

The trial court did not err by denying defendant's motion to dismiss at the close of all evidence the charge of felonious child abuse under N.C.G.S. § 14-318.4(a) based on alleged insufficient evidence of a serious physical injury after defendant struck his eight-year-old daughter on the buttocks with a board multiple times while disciplining her for perceived misbehavior, because: (1) there is no requirement that an injury require immediate medical attention in order to be a serious physical injury; (2) conflicts in the evidence as to the minor child's level of activity and the extent, if any, to which she appeared to be in pain after the alleged assault are for resolution by the jury; and (3) the evidence was sufficient for the jury to reasonably infer that the injury inflicted by defendant caused the minor child great pain and suffering.

---

2. **Assault— felonious assault inflicting serious bodily injury—motion to dismiss—sufficiency of evidence—serious bodily injury**

The trial court did not err by denying defendant's motion to dismiss at the close of all evidence the charge of felonious assault inflicting serious bodily injury under N.C.G.S. § 14-32.4 based on alleged insufficient evidence of serious bodily injury after defendant struck his eight-year-old daughter on the buttocks with a board multiple times while disciplining her for perceived misbehavior, because even assuming arguendo that there was insufficient evidence of serious bodily injury to satisfy the statutory definition, any error in submission to the jury of the greater offense of felonious assault inflicting serious bodily injury was rendered harmless by the jury's verdict convicting defendant of the lesser offense of misdemeanor assault inflicting serious injury.

Appeal by defendant from judgment entered 24 May 2001 by Judge Benjamin G. Alford in Lenoir County Superior Court. Heard in the Court of Appeals 17 September 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Diane Stevens, for the State.*

*Sonya S. Davis for defendant-appellant.*

MARTIN, Judge.

Defendant was originally indicted for felonious child abuse and felonious assault inflicting serious bodily injury. He appeals from a judgment entered upon his conviction of felonious child abuse and misdemeanor assault inflicting serious injury.

Briefly summarized, the evidence tended to show that on or about 6 October 2000, a Friday, defendant struck his 8-year-old daughter, Tanaje, on the buttocks with a board multiple times while disciplining her for perceived misbehavior. Tanaje testified that her buttocks bled after the spanking and hurt badly. Although she was able to play outside over the weekend, employees at her school observed her limping the following week. She was examined by the school nurse and later by social service workers. Tanaje was subsequently seen at the emergency room at Lenoir Memorial Hospital, where she was examined by Dr. Tracy Lee Smith. He described the injury as a "large hematoma" and stated that Tanaje had moderate blood loss and might develop a permanent scar from the injury.

Defendant testified that he had punished Tanaje by giving her five "licks" with a "batting ball paddle." He denied that she was injured by the paddling and testified that she went out to eat with him later that evening and played normally during the entire weekend, never complaining that she was in pain. Tracy Watts testified that she was present when defendant spanked Tanaje and that she observed no bruises nor any bleeding as a result of the spanking. Lillie Keyes testified that defendant and Tanaje spent the weekend at her house and that she did not notice anything unusual about Tanaje and that Tanaje did not complain to her about pain.

Additional evidence necessary to an understanding of the issues raised on appeal will be discussed in the opinion.

---

Defendant's sole assignment of error is to the denial of his motion to dismiss made at the close of all the evidence. He asserts that the evidence was insufficient to support a guilty verdict on either charge. We find no error.

In ruling on a motion to dismiss at the close of evidence made pursuant to G.S. § 15A-1227, a trial court must determine whether there is substantial evidence of each essential element of the offenses charged. *State v. Roddey*, 110 N.C. App. 810, 812, 431 S.E.2d 245, 247 (1993). If, viewed in the light most favorable to the State, the evidence is such that a jury could reasonably infer that defendant is guilty, the motion must be denied. The defendant's evidence is not to be considered unless it is favorable to the State. *Id.* at 812-13, 431 S.E.2d at 247.

[1] Defendant first challenges the sufficiency of the evidence to withstand his motion to dismiss the charge of felonious child abuse. To convict a defendant of felonious child abuse in violation of G.S. § 14-318.4(a), the State must prove (1) that defendant is the parent or caretaker of a child under the age of 16, (2) that defendant "intentionally inflict[ed] . . . serious physical injury upon or to the child or . . . intentionally commit[ted] an assault upon the child," and (3) that the assault or infliction of injury resulted in "serious physical injury." N.C. Gen. Stat. § 14-318.4(a). The element of intent is satisfied if the defendant intentionally causes injury to the child and that injury turns out to be serious. *State v. Campbell*, 316 N.C. 168, 340 S.E.2d 474 (1986). Defendant's challenge to the trial court's denial of his motion is based on his contention that there is not substantial evidence that Tanaje sustained a "serious physical injury." We disagree.

Serious physical injury, within the meaning of G.S. § 14-318.4, is injury that causes "great pain and suffering." *State v. Phillips*, 328 N.C. 1, 20, 399 S.E.2d 293, 303, *cert. denied*, 501 U.S. 1208, 115 L. Ed. 2d 977 (1991). In the present case, Tanaje testified that her father struck her on her buttocks with a board that was eighteen or twenty inches by four or five inches. She testified that he initially made her bend over a chair and that she was wearing underwear; later, he made her remove her underwear and told her to bend over and hold her feet while he swung the board at her "like a baseball bat." Tanaje testified that the beating hurt "badly." Because of the pain, she kept falling over and defendant had his girlfriend hold her hands down. Although she could not remember how many times her father hit her, she stated that the beating went on for "a very long time." Her buttocks were bleeding after the beatings; she did not take a bath that night because she was afraid it would burn her wounds and she "couldn't sleep at all" due to the pain. She testified that over the weekend after the beating she was able to play, but could not sit down except on a pillow.

There was also evidence that the following week, employees at Tanaje's school noticed that she was walking "funny." Tanaje stated that she walked that way because her backside was "swollen" and she could not feel her legs. She was called to the nurse's office where the school's nurse examined her; the nurse testified that Tanaje had a large bruise on her buttocks that was crusted around the outside and had a spot that was "open and oozing" near the middle. The nurse also testified that when she saw the wound she "gasped."

Tanaje's mother testified that she was called to the hospital emergency room and that she "just started screaming" when she saw her daughter's wounds. She stated that Tanaje's buttocks were "blistered, cracked, scarred" and there were bloodstains on her underwear from where it stuck to the wounds.

Tanaje was released from the emergency room into her mother's custody. Her mother testified that the wounds took another week to heal and that Tanaje had difficulty walking and sitting during that time because her bottom was swollen and the wounds would re-open if she tried to run and play. She also had difficulty going to the bathroom. Tanaje's mother testified that at the time of trial Tanaje had scars on her buttocks from the injury that were "real dark spots on both sides." Tanaje had received a bruise on her arm when she tried to block the board her father was using and was still complaining of pain in her arm at the time of trial.

The emergency room physician, Dr. Smith, stated that when he examined Tanaje in the emergency room and touched her wound very gently, it "appeared to be very painful" to Tanaje and that she winced and cried during the examination. He stated that Tanaje suffered a hematoma that resulted from a "large amount of trauma that broke blood vessels" and caused the outer skin to die due to lack of blood supply. He testified that she would have experienced "moderate to severe pain at the time [of the beating] and for many days thereafter." In addition, he noted that it would probably have taken her 14 to 21 days to recover from the injury.

Defendant argues that because Tanaje was able to go to school after the alleged assault, did not require immediate medical attention, was not hospitalized nor given medication, the injury was, as a matter of law, not "serious." There is no requirement in the statute or in our case law that an injury require immediate medical attention in order to be a "serious physical injury." Moreover, conflicts in the evidence as to Tanaje's level of activity and the extent, if any, to which she appeared to be in pain after the alleged assault are for resolution by the jury. *Campbell*, at 172, 340 S.E.2d at 477 ("[c]ontradictions and discrepancies in the evidence are to be resolved by the jury").

Viewed in the light most favorable to the State, we hold that the evidence was sufficient for a jury to reasonably infer that the injury inflicted by defendant caused Tanaje great pain and suffering, and thus satisfied the statutory element of "serious physical injury." The trial court did not err in denying the motion to dismiss the charge of felonious child abuse.

[2] Defendant next contends the trial court erred in denying his motion to dismiss the charge of felonious assault inflicting serious bodily injury. *See* N.C. Gen. Stat. § 14-32.4 (2002). The elements of that offense include (1) an intentional assault on another person (2) resulting in serious bodily injury. In the statute, "serious bodily injury" is defined as:

bodily injury that creates a substantial risk of death, or that causes serious permanent disfigurement, coma, a permanent or protracted condition that causes extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ, or that results in prolonged hospitalization.

N.C. Gen. Stat. § 14-32.4 (2002). Defendant argues there was insufficient evidence that Tanaje sustained "serious bodily injury" to survive his motion to dismiss.

After denying defendant's motion to dismiss the charge of felonious assault, the trial court submitted to the jury the issues of defendant's guilt of felonious assault inflicting serious bodily injury and the lesser included offense of misdemeanor assault inflicting serious injury in violation of G.S. § 14-33(c)(1) (2002). Defendant was convicted of the misdemeanor.

On appeal, defendant does not argue that the trial court erred in failing to dismiss the lesser included offense, which requires proof only of "serious injury" rather than "serious bodily injury" as defined by G.S. § 14-32.4. Our courts have defined "serious injury" as injury which is serious but falls short of causing death and have indicated that "the element of 'serious bodily injury' requires proof of more severe injury than the element of 'serious injury.' " *State v. Hannah*, 149 N.C. App. 713, 718-19, 563 S.E.2d 1, 4-5 (2002) (citations omitted). Even assuming, *arguendo*, there was insufficient evidence of "serious bodily injury" to satisfy the statutory definition, any error in submission to the jury of the greater offense was rendered harmless by the jury's verdict convicting defendant of the lesser offense of assault inflicting serious injury. *State v. Williams*, 100 N.C. App. 567, 397 S.E.2d 364 (1990). This assignment of error is overruled.

No error.

Chief Judge EAGLES and Judge THOMAS concur.