CALABRIA, Judge.
Where there was substantial evidence of "serious physical injury" for the jury to consider the charge of felony child abuse, the trial court did not err in denying defendant's motion to dismiss that charge. We find no error.
I. Factual and Procedural Background
In late April and early May of 2013, Justin O'Brien Baker ("defendant") was dating S.R., and lived with her and her six-year-old son, J.R.[2] On 29 April 2013, teachers at J.R.'s school saw that J.R. had a black eye, and J.R. met with Melissa Rosenberger ("Rosenberger"). Rosenberger asked J.R. about the injury, which he claimed came from a child at school. Rosenberger referred the matter to Durham County Child Protective Services ("DSS"). Later, J.R. admitted that the bruise came from jumping on the bed, something that he was not allowed to do. On 2 May 2013, having discovered J.R.'s lie, S.R. authorized defendant to spank J.R. Defendant beat J.R. with a belt 12-15 times, leaving marks and bruises on his buttocks, legs, arms, back, and stomach.
On 3 May 2013, based upon Rosenberger's earlier report, DSS agent Shrounda Douglas-Riddick ("Riddick") spoke with S.R. by phone. When Riddick could not arrange a meeting with S.R., she instead met with Rosenberger and J.R. She observed that J.R. was walking awkwardly and reluctant to take a seat. J.R. said that defendant had whipped him the night before because he lied. He had bruises on his legs and bottom, and his arm was swollen.
When S.R. and defendant came to the school, they admitted that some of J.R.'s bruising was the result of discipline at home. S.R. consented to have J.R. taken to the hospital. A nurse at the hospital described J.R. as talkative but frightened, and observed J.R.'s bruised right arm and right thigh, and linear red marks across his back. A pediatric resident also examined J.R., and observed bruises under his eye, a swollen wrist, red marks on his back and cheek, and bruising and redness on the right thigh and buttock. She said that those injuries were consistent with being whipped by a belt. J.R. described his pain as a 10 on a scale of 10, and was prescribed Motrin.
Defendant was indicted for felony child abuse inflicting serious injury and assault on a child under the age of 12. At the close of the State's evidence, defendant moved to dismiss the charges based on, inter alia , insufficiency of the evidence, and for a mistrial. These motions were denied. Defendant declined to offer evidence. The jury returned verdicts finding defendant guilty of both charges. The trial court consolidated the offenses for judgment, and sentenced defendant to a minimum of 29 months and a maximum of 47 months' imprisonment in the custody of the North Carolina Department of Adult Correction. The trial court then suspended the sentence, and placed defendant on supervised probation for 36 months.
Defendant appeals.
II. Standard of Review
"This Court reviews the trial court's denial of a motion to dismiss de novo ." State v. Smith , 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).
" 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' " State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting State v. Barnes , 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) ), cert. denied , 531 U.S. 890, 148 L.Ed. 2d 150 (2000).
"In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." State v. Rose , 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), cert. denied , 515 U.S. 1135, 132 L.Ed. 2d 818 (1995).
III. Analysis
In his sole argument on appeal, defendant contends that the trial court erred in denying his motion to dismiss the charge of felony child abuse. We disagree.
In order to demonstrate felony child abuse, the State must present evidence that a defendant is "[a] parent or any other person providing care to or supervision of a child less than 16 years of age who intentionally inflicts any serious physical injury upon or to the child or who intentionally commits an assault upon the child which results in any serious physical injury to the child[.]" N.C. Gen. Stat. § 14-318.4(a) (2015) ; see also State v. Pierce , 346 N.C. 471, 492-93, 488 S.E.2d 576, 588 (1997). Defendant concedes that he was a caregiver, and that J.R. was under the age of 16. Nor does defendant challenge the fact that he struck J.R. with the belt, intentionally, 12-15 times. The only issue defendant disputes is whether J.R.'s injuries rise to the level of "serious physical injury" under statute.
The same statute that defines the offense also defines serious physical injury as "[p]hysical injury that causes great pain and suffering. The term includes serious mental injury." N.C. Gen. Stat. § 14-318.4(d)(2). Defendant contends that, generally, serious physical injury is such injury that requires hospitalization. Certainly, we have held that, "[i]n determining whether an injury is serious, pertinent factors to consider include, but are not limited to: hospitalization, pain, loss of blood, and time lost from work." State v. Romero , 164 N.C. App. 169, 172, 595 S.E.2d 208, 210 (2004). However, these factors are neither exclusive nor determinative. In fact, "neither the statute nor our case law demand that an injury require immediate medical attention in order for it to be considered a 'serious physical injury.' " Id . at 172, 595 S.E.2d at 211 (quoting State v. Williams, 154 N.C. App. 176, 180, 571 S.E.2d 619, 622 (2002) ). "Furthermore, because the nature of an injury is dependant [sic] upon the relative facts of each case, whether an injury is 'serious' is generally a question for the jury." Id .
In Romero , the State presented evidence "that defendant hit his one-year-old son at least once with a belt, that the child began to cry after being hit, and that the child suffered a visible bruise to his head as a result of being struck by the belt." Id . This Court held that this evidence, alone, viewed in the light most favorable to the State, was sufficient to overcome a motion to dismiss and to bring the charge before the jury. Id .
In the instant case, J.R. had more than merely a single bruise. There were multiple bruises on his legs, arms, and back. Defendant struck J.R. not merely once with a belt, but 12-15 times. Whether this rose to the level of "serious physical injury" was a matter for the jury. If the jury in Romero could properly consider a single bruise on the head, the jury in the instant case could certainly consider multiple bruises all over the body. We hold that this evidence constituted substantial evidence of "serious physical injury" for the jury to consider. Therefore, the trial court did not err in denying defendant's motion to dismiss.
NO ERROR.
Report per Rule 30(e).
Judges McCULLOUGH and INMAN concur.

Pseudonyms used to protect the privacy of the minor. N.C.R. App. P. 3.1(b).