An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-401

Filed 4 March 2026

Edgecombe County, Nos. 23CR345068-320, 23CR345070-320

STATE OF NORTH CAROLINA

       v.

SILENCE MAURICE HINTON

Appeal by Defendant-Appellant from Judgment entered 20 November 2024 by Judge William D. Wolfe in Edgecombe County Superior Court. Heard in the Court of Appeals 12 January 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Caroline Koenig, for the State of North Carolina.*
>
> *The Sweet Law Firm, PLLC, by Kaelyn N. Sweet, for Defendant-Appellant.*

PER CURIAM.

## **Factual and Procedural Background**

Defendant Silence Hinton (Defendant) appeals from Judgments entered upon jury verdicts convicting him of Possession of Methamphetamine and Resisting a Public Officer. On appeal, Defendant only challenges his conviction for Possession of

Methamphetamine. The Record on Appeal, including the evidence presented at trial, tends to reflect the following:

On 28 June 28 2023, Defendant was a passenger in a vehicle stopped by Tarboro Police Department Chief Rick Mann. Chief Mann smelled an odor of marijuana from the vehicle and observed two firearms inside. He ordered Defendant to exit the vehicle and lie down. Defendant, instead, fled on foot. Officers apprehended Defendant and, while searching him incident to the arrest, found pills in Defendant's pocket which Defendant identified as "E pills." Later forensic testing on one pill revealed it contained methamphetamine.

Defendant was charged with both Possession of Methamphetamine with Intent to Sell or Deliver ("PWISD") and Possession of Methamphetamine. Defendant was additionally charged with Trafficking Opium/Heroin, misdemeanor Possession of Marijuana, Carrying a Concealed Weapon, and Resisting a Public Officer. The State voluntarily dismissed the trafficking charge before trial, and the trial court allowed Defendant's motion to dismiss the marijuana charge at the close of the State's case.

Defendant also moved to dismiss the PWISD charge, arguing the State had failed to show Defendant intended to sell or deliver methamphetamine. The trial court denied Defendant's Motion.

During the charge conference, the trial court informed the parties it intended to give a combined instruction for PWISD with simple possession as a lesser-included offense. Neither party objected, and the trial court instructed the jury:

The defendant has been charged with possessing methamphetamine with the intent to sell and deliver it. For you to find the defendant guilty of this offense the State must Prove two things beyond a reasonable doubt: First, that the defendant knowingly possessed methamphetamine. Methamphetamine is a controlled substance. A person possesses methamphetamine when the person is aware of its presence and has both the power and intent to control the disposition or use of that substance.

And Second that the defendant intended to sell or deliver methamphetamine. Intent is seldom, if ever provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred. If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant knowingly possessed methamphetamine and intended to sell or deliver it, it would be your duty to return a verdict of guilty of possession of methamphetamine with the intent to sell or deliver.

If you do not so find or if you have a reasonable doubt as to one or both of these things, you would not return a verdict of guilty of possessing methamphetamine with the intent to sell or deliver it, but would consider whether the defendant is guilty of possessing methamphetamine. Possessing methamphetamine does not require proof that the defendant intended to sell or deliver.

If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant knowingly possessed methamphetamine, it would be your duty to return a verdict of guilty of possessing methamphetamine.

If you do not so find or if you have a reasonable doubt, it would be your duty to return a verdict of not guilty.

The jury found Defendant guilty of the lesser-included charge of Possession of

Methamphetamine and of Resisting a Public Officer. It found Defendant not guilty of

the remaining charges. The trial court sentenced Defendant to 6 to 17 months for Possession of Methamphetamine and a consecutive 60 day sentence for Resisting a Public Officer. Defendant gave oral notice of appeal in open court following sentencing.

## Issue

The sole issue on appeal is whether the trial court reversibly erred in denying Defendant's Motion to Dismiss the charge of PWISD, notwithstanding the fact the jury convicted Defendant of the lesser-included offense of Possession of Methamphetamine.

## Analysis

"This Court reviews the trial court's denial of a motion to dismiss de novo." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted). "Upon [a] defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984) (citation omitted). "If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the

motion [to dismiss] should be allowed." *Fritsch*, 351 N.C. at 378, 526 S.E.2d at 455 (citation omitted).

"In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994) (citation omitted). "Whether the State has offered such substantial evidence is a question of law for the trial court." *State v. McKinney*, 288 N.C. 113, 119, 215 S.E.2d 578, 583 (1975) (citations omitted). "If there is substantial evidence of each element of the offense charged, or any lesser included offenses, the trial court must deny the motion to dismiss and submit the charges to the jury for its consideration." *State v. Abraham*, 338 N.C. 315, 328, 451 S.E.2d 131, 137 (1994).

On appeal, Defendant does not argue there was insufficient evidence to support his conviction for the lesser-included offense of Possession of Methamphetamine. Rather, Defendant contends the State failed to produce sufficient evidence of the greater charge that Defendant intended to sell or deliver methamphetamine. Defendant asserts the trial court should have allowed his Motion to Dismiss and dismissed both the charge of Possession of a Controlled Substance with Intent to Sell or Deliver, *and* the lesser-included offense of Possession of Methamphetamine.

However, even assuming, *arguendo*, there was insufficient evidence of intent to sell or deliver methamphetamine, "any error in submission to the jury of the

greater offense was rendered harmless by the jury's verdict convicting [D]efendant of the lesser offense." *State v. Williams,* 154 N.C. App. 176, 181, 571 S.E.2d 619, 622 (2002). Indeed, Defendant does not contest the evidence supporting his conviction of Possession of Methamphetamine.

Thus, here, where the jury returned a guilty verdict on the lesser-included offense of Possession of Methamphetamine, any error in submitting the greater offense of Possession of Methamphetamine with Intent to Sell or Deliver was harmless. Therefore, the trial court did not reversibly err in denying Defendant's Motion to Dismiss. Consequently, the trial court properly entered Judgment upon the jury's verdicts.

## **Conclusion**

Accordingly, for the foregoing reasons, there was no reversible error at trial and the Judgments are affirmed.

NO ERROR.

Panel consisting of Judges ARROWOOD, COLLINS, HAMPSON.

Report per Rule 30(e).